CALVIN H. MILLER ET AL. v. EMMA B. F. MILLER ET AL.

[51 South. 210.]

1. WILLS. · *Requisites and validity. Execution. Attestation. Code 1892, § 4488. Code 1906, § 5078.*

It is not essential under Code 1892, § 4488, Code 1906, § 5078, regulating the subject, that the subscribing witnesses shall see the testator sign the will; it is sufficient if he produces the will, exhibits it to the witnesses, declares it to be his will and states that his name subscribed to it is his signature.

2. SAME. *Contest. Evidence. Hearsay.*

In a will contest case, declarations of the testator to the effect that he would make no will are inadmissible in evidence as hearsay.

FROM the chancery court of, first district, Bolivar county.

HON. MANUEL E. DENTON, Chancellor.

Calvin H. Miller and others, appellants, were complainants in the court below; Emma B. F. Miller and others, appellees, were defendants there. The suit presented an issue *devistavit vel non* touching the validity of an instrument in writing purporting to be the last will and testament of Calvin Miller, deceased, which had been admitted to probate in common form. From a decree in contestees' favor, predicated of the verdict of a jury, the contestants appealed to the supreme court.

The appellants are children of Calvin Miller, deceased, by his first wife; appellees are his widow, who was his second wife, and her children begotten by the deceased.

The will in question was written about seven years before the death of the deceased on three sheets of paper, and was written by one Lynch, a friend of the deceased, at the request of the testator. Lynch, the scrivener, sent the will by mail to the testator, who could not read or write. Upon its receipt the testator carried it to one Davis, who signed testator's name to it for him at his request and then signed his own name to it as a witness. The testator then took the will to two other parties, Cox and Phillips, and told them that it was his will, and asked them to sign it as witnesses, which they did. The attestation clause is in the following words:

"Signed, sealed, declared, and published by the said Calvin Miller, as and for his last will and testament, in the presence of us, who, at his request and in his presence, and in the presence of each other, have subscribed our names as witnesses hereto.

"[Signed] M. E. Davis.
"Jessie Phillips.
"W. H. Cox.

"Dated at Round Lake, Bolivar county, on this the 16th day of August, 1900."

The proof shows that Davis did not sign the will as a witness in the presence of either Phillips or Cox, and that the testator did not sign in the presence of these last two witnesses, but they signed in the presence of each other at the request of the testator, who acknowledged to them his signature to the will.

[It will be noted that the statute only requires two witnesses; Phillips and Cox each signed as witnesses in the presence of the testator, and each signed in the presence of the other.]

Contestants attempted to show on the trial that the testator had told one of his sons, a short while before his death, that he had not made a will and would not make one, but the offered

testimony was excluded by the court. The genuineness of the instrument propounded as a will was well proved, and the case turned, aside from the question of evidence just mentioned, upon the sufficiency of its execution.

*F. A. Montgomery,* for appellants.

The first question presented in this case is whether the will in question, if executed at all, was legally executed under the statutes of Mississippi, and duly and legally proven according to law.

The language of the statute is: "It shall be attested by two or more credible witnesses in the presence of the testator or testatrix."

Again: "It shall be signed by the testator or testatrix or some other person in his or her presence and by his or her express direction."

In this case the testator was wholly illiterate. He could not read. He could not write. The will was not written in his presence, but was written and mailed to him, and received by his wife, the principal beneficiary. He could only know of the contents of the will by its being read to him by someone else.

Taking the testimony of Davis, the principal witness to the will, this will was read to the testator by this witness in the absence of the other two subscribing witnesses, and at the request of the testator his name was signed thereto by witness Davis, still in the absence of the other two witnesses. The testator's mark was made in the absence of the other two witnesses.

This court has never decided the precise question as to whether a will signed by a testator in his own hand in the presence of the subscribing witnesses, and afterwards presented to the subscribing witnesses, with the request by the testator that they sign as witnesses, or with the distinct acknowledgment that it is his signature, would be good. But whatever the court might think as to that proposition in the case of a testator who could

read and write and who writes his own name to a will which he can read and thoroughly understand, subsequently acknowledges his signature and execution thereof to the witnesses, it seems clear that in the case of an ignorant testator, a man who can neither read nor write, whose name is not signed by himself, but written by another person, that he could not make a valid will by simply handing it to two subscribing witnesses as his will, requesting them to sign it as witnesses.

There is some diversity of opinions among the courts of other states, on the subject, there is much difference in the statutes of the states, and most of the decisions are based on statutes. Attest is to bear witness to; to certify; to affirm to be true and genuine. To make a solemn declaration in words or writing to support a fact; to certify to the verity of a copy of a public document.

Attestation is the act of witnessing the signature of an instrument, and subscribing the name of the witness in testimony of such fact.

Attestation clause: That clause in which the witnesses testify that the instrument has been executed before them, and the manner of its execution. 4 Cyc. 488, and note with cases cited.

In *Chaffe v. Baptist Missionary Conv.,* 40 Am. Dec. 25, the supreme court of New York held that the will was invalid under their statute, although the testatrix handed it to the witness, and put her finger on the signature and acknowledged it for her will, but did not state that she had signed it, or that any other person had signed it in her presence. See *Cavitt's Appeal,* 42 Am. Dec. 262; *Assay v. Hoover,* 5 Penn. St. 21, 5 Am. Dec. 713; *Grabill v. Baer,* 5 Penn. St. 441, 47 Am. Dec. 418; *Biggs v. Welton,* 13 Ill. 15, 54 Am. Dec. 419; *Hill v. Kaehr,* 119 Am. St. Rep. 425.

"The attestation law must be strictly construed." *Burton v. Brown,* 25 South. 61. See, also, the very full note in *Lane v. Lane,* 114 Am. St. Rep. 213.

"Presence means conscious presence." *Watson v. Pike,* 32 Miss. 451.

"Courts cannot supply defects in the execution of a will." *Johnson v. Dalome,* 77 Miss. 15, 26 South. 360.

In the case of *Sheehan v. Kearney,* 82 Miss. 691, 21 South. 41, our supreme court has announced the very rule that I am contending for. To quote from that decision: "Any signature or mark signed by the testator or by another in his presence and by his express direction, to the will, as and for his completed signature, and acknowledged and adopted by him as such at the time, in the presence of the subscribing witnesses, is a sufficient signing within the meaning of Code 1892, § 4488."

Now, if this signature has been subscribed to the will by the witness Davis at the testator's request, and the mark made by guiding the hand of the testator in the presence of the attesting witnesses, of course under that decision, the will would have been good, but the signature must be made and acknowledged by the testator as his signature, and adopted by him as such, at the time of its execution, and in the presence of the subscribing witnesses, and that was not done in this case.

The court below clearly committed reversible error in excluding the deposition of Freeman Graham, and in refusing to allow the contestants to prove from the many declarations of the alleged testator to the very many persons before and after the alleged making of the supposed will, that he had not made, would not make, and never intended to make a will.

*Fontaine Jones,* for appellees.

While it is true that there are a few decisions, mainly based upon local statutes, sustaining appellants' view, the overwhelming weight of authority is to the contrary.

A will need not be signed in the presence of the attesting witnesses. It is sufficient that he acknowledges his signature,

and request them to attest as witnesses, or that he merely declare to them that the paper is his will. *Dewey v. Dewey,* 35 Am. Dec. 367; *Webb v. Fleming,* 76 Ib. 675.

The declaration by testator that the paper is his will, is equivalent to an actual signature in their presence; they need not see him write his name, nor even see the name after he had written it. *Dewey v. Dewey, supra.*

A will need not be signed in the presence of the subscribing witnesses, under the statute of Charles II, provided it was in fact signed by the testator previously to his acknowledging and publishing it in the presence of all or each of them. *Jauncey v. Thorn,* 45 Am. Dec. 424.

A declaration by a testator to a certain person that an instrument is his will, and his request to him to attest it as his will, is sufficient proof of its due execution as such, although it is signed by a mark between the words of his name, as none of the witnesses saw him attach such mark before they attested the instrument. *Stephens v. Stephens,* 80 Am. St. Rep. 454; 1 Underhill on Wills, p. 271. In *Sheehan v. Kearney,* it is true, Judge WHITFIELD used the language quoted by appellants' counsel, indicating what, under certain circumstances, was a sufficient signing of a will, and he was undoubtedly correct, as to the mode of execution as applied to the case then in hand; but he nowhere holds that the subscribing witnesses must see the testator place his signature to the will, and hence *Sheehan v. Kearney* is not in point. *Woodruff v. Hundley* (Ala.), 29 South. 98.

Subscribing witnesses to a will need not see the testator sign. *Yoe v. McCord,* 74 Ill. 35; *In re Mealy's Estate,* 11 Phila. 161; *Simmons v. Leonard,* 91 Tenn. 183, 18 S. W. 280; *Dewey v. Dewey,* 42 Mass. 349, 35 Am. Dec. 367; *Rosser v. Franklin,* 52 Am. Dec. 97.

A testator's acknowledgment of his signature in the presence

of witnesses is sufficient. *Webb v. Fleming,* 30 Ga. 808, 76 Am. Dec. 675; *Holloway v. Galloway,* 51 Ill. 159; *Roberts v. Welch,* 46 Vt. 164; *Haynes v. Haynes,* 33 Ohio, 598.

A witness need not see the testator sign, but it is sufficient if the latter acknowledges the instrument even where his name has been written by another at his request and in his presence. *Rush v. Pernel,* 2 Har. (Del.) 448.

Upon the trial of an issue as to whether or not a will is a forgery, which is really the only issue in the instant case, declarations of the testator are not admissible unless made near the time of the execution of the will so as to be a part of the *res gestae.* 2 Greenleaf on Ev. 617 (13th ed.); *Jackson v. Kniffen,* 3 Am. Dec. 396, note 2; *Bunyard v. McElroy,* 21 Ala. 311; *Johnson v. Hicks,* 1 Lans. (N. Y.) 150. But it is different where the issue is to insanity or undue influence. *Sheehan v. Kearney,* 82 Miss. 691.

In *Waterman v. Whitney,* 76 Pa. St. 115, after citing several cases, the court held "These cases must, I think, be sufficient to establish the position that declarations of the testator made either before or after the execution of the will are not competent evidence to impeach its validity on the ground of fraud, duress, or other like cause. See, also, *Dickey v. Carter,* 42 Ill. 376; *Leslie v. McMurtry,* 60 Ark. 301, also reported in 30 Southwestern. *Kennedy v. Upshaw,* 64 Tex. 411, 1 S. W. 308; *Wells v. Wells,* 45 S. W. 1095; *Bevelet v. Lestrade,* 153 Ill. 625, 38 N. E. 1056; *Shaw v. State,* 1 Dem. Sur. (N. Y.) 21.

WHITFIELD, C. J., delivered the opinion of the court.

The testimony in this case shows clearly that the testator exhibited his will to Cox and Phillips, two of the subscribing witnesses, stating to them that this was his will, that the signature to it was his signature, and that he had signed it. The testimony also clearly shows that M. E. Davis, another subscribing witness, wrote the signature of Calvin Miller for him, and

at his direction, and that this was the signature adopted and acknowledged by Calvin Miller when he stated the above facts to Cox and Phillips. This was a good attestation of his signature. It is not essential to a valid attestation of the testator's signature, under our statute, that the subscribing witnesses shall see the testator sign the will. It is enough if he shall produce the will, declare it to be his will, and state that the signature appended to the will is his, and that he wrote it. The testimony offered to show declarations of the testator, to the effect that he would not make a will, was clearly incompetent, as mere hearsay. Wigmore on Evidence, vol. 3, § 1736.

There is nothing to the contrary of what we have said on either of these points in *Sheehan v. Kearney,* 82 Miss. 688, 21 South. 41, 35 L. R. A. 102. We held in that opinion—cited with approval by Wigmore on Evidence, in his discussion of the subject (3 Wig. on Evidence, p. 2244)—that the declarations of a testator as to his intentions with respect to the disposition of his property, made before or after the execution of the will, or at the time of the execution of the will, are competent, upon well-settled principles, on the issue of undue influence and the issue of insanity. Those are not the issues in this case.

The decree is *affirmed.*