AUSTIN *v.* PATRICK.

(Division A. Nov. 8, 1937.)

[176 So. 714. No. 32878.]

720

F. D. Hewitt, of McComb, for appellant.

**J. T. Hutchison,** of Summit, for appellee.

Argued orally by **F. D. Hewitt**, for appellant.

**McGehee, J.**, delivered the opinion of the court.

On May 4, 1937, which was during the regular April term of the chancery court of Pike county, the appellant, Rosina Austin, filed her petition in said court for letters of administration on the estate of her mother, Sarah Patrick, who died on March 13, 1937. Thereupon a decree was rendered appointing her as administratrix of the estate, and she took the oath and entered into bond, as fixed by the chancellor, and which was duly approved by the clerk. The oath did not meet the requirements of section 1631, Code 1930, but was subject to amendment, and its insufficiency is immaterial on the

issue here presented. No letters of administration were issued to her on that day, and on the next day a petition was presented to the chancellor by Matthew Patrick for the probate in common form of what purported to be the last will and testament of the said Sarah Patrick, deceased, in which instrument the said Matthew Patrick was named as the executor. The petition for probate was accompanied by the purported last will and testament, together with the affidavits of the two subscribing witnesses, which were in proper form and sufficient on their face to entitle the instrument to be admitted for probate. And there was also presented in connection therewith a motion by the executor for the removal of appellant as administratrix. Thereupon the clerk was directed by the court not to issue and deliver the letters of administration which the appellant, as administratrix, would ordinarily have been entitled to receive following the filing of the petition for letters, decree of appointment, and execution of the bond duly approved by the clerk. The chancellor set for hearing on May 8th, in term time, the petition for the probate of the purported last will and testament and the motion for the removal of the administratrix, and had process issued and served on the appellant accordingly.

At the hearing on the petition for probate and motion for the removal of the administratrix, the court heard oral testimony of the two subscribing witnesses, E. E. Furlough and Peter Crossley, which disclosed that on December 24, 1936, the testatrix sent for the witness Peter Crossley and told him that the instrument in question was her will, and that she said that she signed it and wanted him to sign it as a witness; that he signed it as a witness in her presence, and the fair import of his testimony is that prior to that time she had signed it. The testimony of the other witness, E. E. Furlough, discloses that the testatrix sent for him about the 15th of February, 1937, and told him that the instrument was her will and requested him to sign it as a witness; that

he signed it in her presence, but that he did not sign it in the presence of the other witness and was not present when the other witness signed it in December prior thereto. And section 3550 of our Code does not so require. The testimony of this witness does not disclose that the testatrix expressly stated to him that she had signed it, but merely that it was her will and requested him to sign it as a witness.

The court entered a decree admitting the instrument to probate as the last will and testament of the said Sarah Patrick, deceased, and further declared that its former decree appointing the appellant as administratrix of the estate was thereby set aside, and that letters testamentary should be issued to the executor, Matthew Patrick, upon his taking the required oath and entering into bond as required by law, all of which was accordingly done. It is from this action of the court that the appellant prosecutes this appeal.

Section 1602, Code 1930, requires that the due execution of a will must be proved by at least one of the subscribing witnesses, if alive and resident in this state, and competent to testify. The affidavits of the two subscribing witnesses were sufficient for the probate of the will in common form. And the oral testimony of the subscribing witness Peter Crossley was sufficient under the statute to probate it in solemn form, supported by that of the other witness in most of its essential features, since it was held in the case of Miller v. Miller, 96 Miss. 526, 51 So. 210, that to constitute a good attestation of the signature of the testator it is not essential that the subscribing witnesses should see the testator sign the will; that "it is enough if he shall produce the will, declare it to be his will, and state that the signature appended to the will is his, and that he wrote it." If the testatrix had signed the instrument prior to December 24, 1936, as stated by her to the witness Crossley on that date, then it follows that her statement to the other witness in February thereafter that the in-

strument was her will was equivalent to saying to him that it had been signed by her. Therefore, the action of the court below in admitting the will to probate was proper.

But section 1607, Code 1930, provides that "any proponent of a will for probate may, in the first instance, make all interested persons parties to his application to probate the will, and in such case all who are made parties shall be concluded by the probate of the will." Section 1609 provides that "any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice," etc. Section 1611, Code 1930, provides that "on the trial of an issue made up to determine the validity of a will which has been duly admitted to probate, such probate shall be prima facie evidence of the validity of the will." The admission of the will to probate in the present case is only prima facie evidence of its validity, and does not conclude the heirs at law, as interested parties, from contesting the will within two years in the manner prescribed by the statute, since they were not made parties to the petition for the probate thereof.

Under the decision in the case of Cajoleas v. Attaya, 145 Miss. 436, 111 So. 359, 58 A. L. R. 1457, the administrator of an estate is not such an interested party within the meaning of either section 1607 or section 1609, Code 1930, relative to the contest of a will, as is authorized to contest a will subsequently presented for probate. The court below was without jurisdiction to hear the contest as to the validity of the will, since none of the interested parties, as such, were before the court, and they are not concluded by the decree adjudicating its validity. Hoskins v. Holmes County Hosp. et al., 135 Miss. 89, 99 So. 570. However, it is necessary that the decree be affirmed for the reason that the court had authority to admit the will to probate, grant letters testamentary to the executor, and set aside the appointment of the administratrix, since section 1641, Code 1930, de-

clares that "if a will shall be found and probated, and letters testmentary be granted thereon, the same shall be a revocation of the administration."

Affirmed.