## In the matter of VAN SCHOONHOVEN and others.

Where one of three persons appointed, by a will, trustees of an express trust, refused to accept the trust, and executed a formal renunciation thereof, and after the death of one of the acting trustees, the survivor applied to the chancellor to restore such renouncing trustee to the trust, which he was then willing to assume, in conjunction with such survivor; *Held*, that the court had no authority to restore such renouncing trustee to the trust, or to appoint him a new trustee in conjunction with the survivor, who had originally assumed to act as one of the trustees.

The revised statutes only authorize the court of chancery to appoint a new trustee in the place of one who is removed by the court, or whose resignation is accepted after he has assumed the trust; or in case of the death of a sole surviving trustee, so that there is no one left to execute the trust.

Where one of the persons appointed trustees of an express trust refuses to accept such trust, and executes a formal renunciation thereof, he cannot afterwards accept and execute the trust, except it be under a new appointment as trustee.

THE petition in this case stated that Maria Schuyler, who died in 1832, by her will, appointed J. Van Schoonhoven, T. M'Coun and A. Craig trustees of her estate, upon certain trusts therein specified, and that the two first accepted the trust; that Craig refused, and by a formal instrument in writing renounced the execution and acceptance of the trust. The petitioners further stated, that M'Coun, one of the trustees, had since died, and that Craig, at the solicitation of the surviving trustee and of the person principally interested as the cestui que trust, had consented and was now willing to accept and execute the trust, in conjunction with the surviving trustee. They therefore prayed that Craig might, by the order and appointment of the court of chancery, be reinstated as trustee under the will, with all such powers and responsibilities as he would have originally possessed and assumed, under the will, if he had not renounced the trust.

1836.

In the matter
of Van Schoon-
hoven.

*J. Rhoades,* for the petitioner.

THE CHANCELLOR. It has frequently been decided by this court, that if one of two or more joint trustees, appointed by deed or will, refuses to accept the trust and execute the same, the whole of the trust estate vests in the other trustees who accept the trust. And where the trustee thus refusing, executes a formal renunciation of the trust, he cannot afterwards accept and execute the trust, unless it be under a new appointment as trustee. In this case, the whole of the trust property was, by the renunciation of Craig, irrevocably vested in Van Schoonhoven and M'Coun, his co-trustees; and upon the death of the latter, it became vested in Van Schoonhoven solely, as the surviving trustee. This court has, therefore, no power or authority to change the legal effect of the renunciation of Craig, and to restore him to the trust. The power which is given to this court to appoint a new trustee of an express trust, by the provisions of the revised statutes, does not extend to a case like the present. The sixty-eighth section of the article relative to uses and trusts, (1 *R. S.* 730,) only authorizes the appointment of a new trustee where the only surviving trustee happens to die, so that there is no one left to execute the trust. And the seventy-first section merely authorizes the court to appoint a new trustee in the place of one who is removed by the court, or whose resignation is accepted after he has once assumed the trust.

As the court has no power or authority to restore Dr. Craig to the trust which he has renounced, or to appoint him a trustee, so long as one of the trustees who originally accepted the trust continues to act as such, the petition must be dismissed.