In the Matter of the Appointment of a General Guardian of the Person and Estate of EDGAR L. REYNOLDS, an Infant.

*Testamentary guardian — appointment of, by a mother — duration of guardianship — 2 R. S., 150, § 1 — chap. 32 of 1871.*

The appointment by a mother of a testamentary guardian, in pursuance of section 1 of 2 Revised Statutes, 150, as amended by chapter 32 of 1871, operates to prevent the appointment of a guardian upon a petition of the infant, made in pursuance of section 4 of the Revised Statutes, after he has reached the age of fourteen years.

Where two persons are named in a will as "joint guardians" of the person and estate of a minor and one of them refuses to act, all the rights and powers created by the appointment become vested in the other guardian.

Where, in the appointment of a guardian in pursuance of chapter 32 of 1871, authorizing such appointment "during its minority or for any less time," there are no words indicating the duration of the guardianship, it is to be inferred it was intended to create a guardianship for the whole period of the child's minority.

*Bedell* v. *Constable* (Vaugh. Rep., 184, 185) not followed.

Appeal from an order of the Special Term denying a motion to confirm a referee's report, and for the appointment of a general guardian.

*Chas. F. Stone* and *John K. Porter*, for the appellant, Edgar L. Reynolds.

*E. More*, for the respondent, A. W. Nicoll, general guardian under will.

Davis, P. J.:

The appellant is an infant of the age of eighteen years. He presented his petition at Special Term for the appointment of a general guardian of his person and estate. The usual reference was ordered under the statute; and from the report of the referee, amongst other things, it appeared that the infant is of the age of eighteen years; that the father and mother are both deceased; that his father died without appointing any testamentary guardian, but that the last will and testament of his mother, which has been duly

admitted to probate, contains the following provision: " I hereby nominate and appoint my friends, Augustus W. Nicholl and Dr. Egbert Guernsey, both of the city of New York, my executors and trustees to carry out the trusts contained in this will, and joint guardians of the person and estate of my son, Edgar L. Reynolds." It also appears that Nicoll, one of the guardians named in this provision, had accepted the guardianship and entered upon its duties, but that Guernsey, the other person named, had refused to accept the same. Upon these facts, the court below denied the prayer of the petition, on the ground that the infant already had a testamentary guardian duly appointed by the will of his mother.

Several questions are raised on this appeal:

First. Whether the appointment of a testamentary guardian by the will of the mother operates to prevent an appointment on the petition of an infant after he has reached the age of fourteen years?

Second. Whether the appointment made by the will of the mother, of the two persons named as " joint guardians of the person and estate " of her son confers the powers of guardianship upon one of the persons named when the other refuses to accept and act; and,

Third. Whether the appointment of the will is not void, because of its failure to specify any period for which such appointment is made?

The first of these points depends wholly upon the construction to be given to the Revised Statutes. (2 R. S., 150, § 1, as amended by chapter 32 of the Laws of 1871; 1 Sess. L. of 1871, p. 39, chap 32.) Prior to the act of 1871, the mother of an infant could not appoint a testamentary guardian. (*Matter of Hannah M. Pierce*, 12 How. Pr., 532.) Section 1 of the Revised Statutes, above quoted, provided that " every father, whether of full age or a minor, of a child likely to be born, or of any living child under the age of twenty-one years and unmarried, may, by his deed or last will, duly executed, dispose of the custody and tuition of such child during its minority, or for any less time, · to any person or persons in possession or remainder."

The act of 1871 amended the section so that it now reads:

" SECTION 1. Every father, whether of full age or a minor, of a child likely to be born, or of any living child, may, by his deed or

last will, duly executed, or in case such father shall be dead, and shall not have exercised his said right of appointment, then the mother, whether of full age or a minor, of every such child, may, by her deed or last will, duly executed, dispose of the custody and tuition of such child during its minority, or for any less time, to any person or persons, in possession or remainder."

It is manifest that by this section, as amended, the same power of disposition is given to the mother, where the father is dead and has not exercised his right of appointment, that the father himself possessed under the statute before its amendment. But the legislature failed to amend section 4 of the same statutes, entitled " of guardians and wards," which provides that if no guardians for any minor child shall have been appointed by the father, by deed or will, such minor, on arriving at the age of fourteen years, may apply, by petition, for the appointment of a guardian to be nominated by himself. It is claimed, on the part of the appellant, that section 4 not having been amended to conform with the provisions of section 1 as now amended, the appointment made by the mother by her last will can be superseded on the petition of the infant, under this section. If we stand upon the strict letter of the statute, this claim would be well founded; but it seems to us manifest that the intention of the legislature in amending the first section of the statute mentioned, was to change the system thereby created so that the mother's appointment, under the specified circumstances, should have precisely the same force and effect as an appointment made in conformity to the statute by a father; and that to carry out that intent it is necessary that the court should read the fourth section as though the words " or by the mother " had been interpolated therein by an express enactment. If this be not done, the amendment made by the act of 1871 is substantially nullified, and the power given to the mother by that amendment ceases to be of any practical value, for, under the fourth and fifth sections, the minor or his relatives might at any time apply for the appointment of a guardian, notwithstanding the testamentary appointment by the mother, and so the very plain intent of the legislature be wholly defeated.

As to the second point, all testamentary guardianships are trusts, and are not assignable. They are trusts of obligation and duty,

not of speculation and profit, and they are at all times subject to the supervision and control of a court of equity. (2 Kent Com., 225, 227, 229.) And where several guardians are appointed by will, they take whatever estates are given or devised to them in trust as joint tenants, and not as tenants in common. (1 R. S., 727, § 44.) The use of the word "joint" in the will of the mother has no peculiar legal effect, because its omission would have left the tenancy of the guardianship trust in the several persons named, of the same character as that created by its use. It is a well-settled common-law rule that where a devise is made to two persons, and one of them refuses to accept the trust, it is a good devise to the trustee who does accept. (*Matter of Stevenson,* 3 Paige, 420.) In *King v. Donnelly* (5 Paige, 46) the chancellor lays down the rule that where several persons were named as trustees, and one of them refused to accept and execute the trust, the whole estate will vest in the others who act, in the same manner as if he were dead or had not been named as trustee. (See, also, *Matter of Van Schoonoven,* 5 Paige, 559.) The cases cited, it is true, relate to another class of trusts, but we see no sound reason for a distinction between them and the trusts which spring out of the relation of guardianship. The correct conclusion, we think, is, that on the refusal of Dr. Guernsey to accept the guardianship, all the rights and powers created by the appointment became vested in the other guardian named in the will.

In respect to the third point, it is insisted by the appellant's counsel, that the appointment of the will is void for uncertainty, because it fails to specify any period during which the guardianship shall continue. It is plain that the will does fail to specify, *in hæc verba,* any such period, and the question is, whether that is necessary under our statutes. By the language of the statute the mother is clothed with power to dispose of the custody and tuition of such child "during its minority, or for any less time;" and the third section of the statute provides that the guardian shall take the custody and management of the personal estate of the minor, and the profits of his real estate during the time for which such disposition shall have been made. In *Bedell v. Constable* (Vaugh., 184, 185) it was held that the failure to specify the time rendered the appointment void; but we are not quite willing to adopt the reasoning of that case.

By our statute, power is given to appoint a testamentary guardian during minority, or for any less time. The intention of the testatrix in this case was, undoubtedly, to make an effective appointment. Such appointment under the statute could be made during minority, or for any less time; and the failure to express any less time must, we think, be taken as a clear indication of her intention that the guardianship should extend over the whole minority of the child. The appointment was to become operative at her decease. The period of minority was the limitation of her power, and a guardianship of some kind must by law exist for the whole of that period. If for any reason the testamentary guardianship fails, it is the duty of the court to intervene and appoint a guardian to whom the custody and tuition shall belong. The correct conclusion, we think, is, that from her omission to specify the "less time," it is to be implied that she intended fully to exhaust her power, and create a guardianship for the whole period of the minority. "Testamentary guardians are founded," says Kent, "on the deed or last will of the father, and they supersede the claims of any other guardian, and extend to the person and real and personal estate of the child, and continue till the child arrives at full age." (2 Kent Com., 225.)

This, we think, is the general rule; and the exceptions to the operation of this rule are those where the father or mother sees fit to designate a less time, as a limit upon the operation of the appointment. It is strongly urged that circumstances exist making a change of guardians in this case important for the benefit of the infant, but that is a question with which, upon this application, we have nothing to do. The petition is not for a removal of the guardian for any neglect of duty, or because the interest of the infant, for any reason, require it to be done; and the decision upon the petition in this case will have no prejudicial effect upon any future application of that character.

We are of opinion that the order of the court below must therefore be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with costs.