(33 Misc. Rep. 581.)

## RANKIN v. METZGER.

(Supreme Court, Trial Term, New York County. January, 1901.)

1. PROPERTY HELD IN TRUST—POWER OF SALE—JUDGMENT AGAINST BENEFICIARY—EXECUTION SALE.

> Testatrix devised real property to her husband and her son J. in trust, with the power of sale and reinvestment, and provided that her husband should have a life estate, and that, on his death before testatrix's youngest child became of age, the property should be divided equally among her nine children. The husband died in 1889, and the youngest child became of age in 1892, and the property was sold by J., as surviving trustee under the will, in 1895. In 1888 a judgment was obtained against J., and in 1896 plaintiff purchased J.'s interest at an execution sale to satisfy the judgment. *Held*, that the lien of the execution on J.'s. one-ninth interest was subject to the trustee's power of sale, and after a sale thereunder the lien attached only to J.'s interest in the proceeds.

**2. SAME—BENEFICIARY AS SURVIVING TRUSTEE—SALE—VALIDITY AS TO BENE-FICIARY'S INTEREST.**

Where J. and another were trustees under a will with power of sale, and on the death of his co-trustee J. became sole trustee, the fact that J. was a beneficiary under the will did not invalidate a sale by him as surviving trustee as to his interest in the property.

Action of ejectment by Harold S. Rankin against Julius S. Metzger. Complaint dismissed.

Conway & Westbrook, for plaintiff.
R. H. Arnold, for defendant.

GILDERSLEEVE, J. The purpose of this action is to establish the title of the plaintiff to a ninth share in certain real estate, to wit, No. 133 East Sixtieth street, in the borough of Manhattan and city of New York. The form of the action is one of ejectment. The facts appear to be substantially as follows, viz.: In 1880 Mrs. Mary E. Schuyler died, leaving the real estate in question to her husband and her son, Jacob M. Schuyler, in trust, with power to sell and reinvest. The trust was to terminate upon the coming of age of the two youngest children of the testatrix, which event did not occur until 1892. There were nine children, all of whom are living. All the rents, profits, and income of the trust estate were to be paid to the husband, who could use them for his own support and that of the nine children, as he should think proper; and upon the termination of the trust the property was to be equally divided among the nine children and the husband, and should the husband die before the coming of age of the youngest child, or the survivor of the two youngest, his share was to go equally to the children. In 1885 the trustees deeded the said real estate to Charles E. Schuyler, who almost immediately afterwards deeded it back again to the trustees. In each case the sale and the repurchase was made by the executors and trustees as such. In 1888 a judgment was recovered against Jacob M. Schuyler personally. A sale thereafter was made under execution, and the plaintiff became in 1896 the owner of "all the right, title, and interest which Jacob M. Schuyler had on May 12, 1888, or at any time thereafter," in the said real estate. The husband died in 1889, leaving Jacob the sole surviving executor and trustee of the estate, in which he was also one of the beneficiaries. In 1890 the said Jacob, as such sole surviving executor and trustee, conveyed the real estate in question to Gerald L. Schuyler, who sold it to one Govin, from whom defendant purchased it. Both counsel devote a great deal of space in the briefs to the validity of the deed from Jacob to Gerald, so far as the share of Jacob was concerned. Also, much attention is bestowed upon the question when the trust terminated,—whether upon the death of the husband, or not until 1892, when the youngest child came of age.

The first question here to be decided is whether or not Jacob had a vested interest in the real estate upon May 12, 1888, or any time thereafter, upon which the judgment under which plaintiff claims became a lien. The rule is well settled to be as follows, viz.: Where a power to sell real estate is given to executors or trustees

upon the coming of age of the youngest child of the testatrix, or upon the expiration of a life estate, with a direction to divide the proceeds equally among the testatrix's legal heirs, the heirs take the fee of the remainder upon the death of the testatrix, subject to the execution of the power of sale; and, upon the recovery of a judgment against one of the heirs before the time arrives when the power is executed, the judgment creditor acquires a lien upon the heir's interest in the land, which follows and attaches to his interest in the proceeds when a sale is had under the power. Sayles v. Best, 140 N. Y. 368, 35 N. E. 636. In the case at bar the executors and trustees had the right of sale and reinvestment from the very commencement of the trust. It is true that they exercised that power in 1885 by the sale to Charles, but in the same year, and, indeed, within a month afterwards, they bought it back again from Charles, so that Jacob's interest was the same in 1888 as it was before the sale to Charles in 1885. Jacob's interest vested at the time of the death of the testatrix, in 1880 (see Kessler v. Friede, 29 Misc. Rep. 188, 60 N. Y. Supp. 891; Beekman, J.), and was subject to the lien of the judgment in 1888 (see Sayles v. Best, 140 N. Y. 373, 35 N. E. 636). Upon the death of his father, in 1889, Jacob had, under the terms of the will, an undivided one-ninth interest in the said real estate, upon which the judgment of 1888 was a lien. The transfer of the property by Jacob, as sole trustee, which is so severely attacked, did not take place until about two years after the judgment had attached to Jacob's share. This sale was on or about April 1, 1890. The question of the title of the defendant to the remaining eight-ninths of the property is not here in issue, and the only point to be determined is whether or not Jacob, as such sole surviving executor and trustee, had the power to convey his own interest in the said real estate. Assuming that Jacob had the right to sell his own interest, as such sole surviving executor and trustee, under the power conferred by the will, the sale to Gerald L. Schuyler in April, 1890, extinguished the estate which Jacob had in the land, and the rights of the judgment creditors were transferred to the fund or proceeds of the sale. The subsequent sale on execution made no change in the relative rights of the parties, except that plaintiff has acquired the rights and interests of the said judgment creditors. See Sayles v. Best, supra. The plaintiff, therefore, could not maintain this action of ejectment if the deed of April 1, 1890, was valid as to Jacob's share, for the reason that the judgment of 1888 became a lien upon Jacob's interest, subject to the power of sale conferred by the will, and a bona fide sale to Gerald gave to said purchaser a good title, free from such lien, which was transferred from the land and attached to the interest of Jacob in the proceeds. See Ackerman v. Gorton, 67 N. Y. 63. It is undoubtedly true that the same person cannot be at the same time trustee and beneficiary of the same identical interest. See Woodward v. James, 115 N. Y. 357, 22 N. E. 150. Under the trust created by the will in question the husband was presumed to act as trustee for all the beneficiaries, except himself, while Jacob was supposed to act for all, with the single exception of himself. In other words, the

68 N.Y.S.—58

husband was trustee for Jacob, who in turn was trustee for the husband. Upon the death of the husband, in 1889, Jacob became, as we have seen, the sole surviving trustee, assuming that the trust did not cease to be operative, as claimed by plaintiff, upon the death of the husband.

It is urged that the trust, as to Jacob's share, ended at the death of the other trustee in 1889, and that the deed to Gerald, in 1890, conveyed the property, subject to the judgment lien as far as Jacob's one-ninth interest was concerned, and that this lien therefore remained attached to the land, and was not transferred to the proceeds of the sale. It is a general rule, however, that a surviving trustee is vested with the whole trust property, and so continues until his office becomes vacant by death, removal, or resignation, or by the termination of the trust. See In re Van Schoonhoven, 5 Paige, 559; Leggett v. Hunter, 19 N. Y. 445; Perry, Trusts, § 343.

Defendant urges that, although Jacob could not be originally the trustee for his own interest, still he could be, upon the death of the other trustee, the trustee for the other heirs, and that the trust ranged over the whole estate for the purpose of its management and distribution, citing Woodward v. James, 115 N. Y. 346, 22 N. E. 150. It is the defendant's contention that Jacob could exercise all the powers conferred upon him by the creator of the trust, unless all interest in the trust estate became centered and vested in himself alone, which was not the case here; and defendant cites in support of this contention Woodward v. James, supra, and Hoffman House v. Stokes, 50 App. Div. 163, 170, 63 N. Y. Supp. 784. In view of all the facts and circumstances of this case, I incline to the opinion that plaintiff cannot maintain the action. In People v. Donohue, 70 Hun, 318, 24 N. Y. Supp. 437, the general term of this department (O'Brien, J.) held that, although the appointment of a beneficiary as trustee would prevent the creation of a valid trust, yet when a valid trust had been created the court would not be justified in holding that, in making an appointment to execute the pre-existing trust, the court was without jurisdiction, or that the order itself appointing "the life beneficiary trustee" was void. There were three opinions in this case, those of Mr. Justice O'Brien and Mr. Justice Ingraham holding as above, and that of the presiding justice dissenting. In the last opinion, however, the presiding justice seems to place the appointment of a trustee by the court and by the testator upon the same basis, so that, if the beneficiary appointed by the court could carry out the trust, it would appear that the surviving trustee appointed by the testatrix could do the same, notwithstanding the fact that he was also one of the nine beneficiaries. In Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8, it was held that an appointment of a beneficiary as trustee, made by the court on the death or resignation of the testamentary trustee, does not extinguish the trust, whether the trust would be void or not in its inception, if the sole beneficiary had been appointed trustee by the instrument creating the trust. It seems to me that, on the same principle, the survivorship as sole trustee of a beneficiary did not extinguish the trust under consideration. I am of opinion that the sale by the

sole surviving trustee to Gerald L. Schuyler in 1890 was a legal exercise of a power in trust, and conveyed the land, free of the lien of the judgment of 1888, to the said Gerald L. Schuyler, while the said lien followed the interest of Jacob. M. Schuyler in the proceeds of the sale. It therefore follows, as I have above intimated, that the plaintiff cannot maintain an action of ejectment against the present owner of the land for the ninth interest therein formerly owned by the said Jacob M. Schuyler. The complaint is dismissed, with costs.

Complaint dismissed, with costs.