FARMER, et al. *v.* RUNNELS, et al.

No. 42359 June 11, 1962 142 So. 2d 198

*W. B. Fontaine, Swep S. Taylor, Jr.,* Jackson; *A. K. Edwards,* Mendenhall, for appellants.

*Walker & Sullivan, George M. Grubbs,* Mendenhall; *J. M. Travis,* Heidelberg, for appellees.

GILLESPIE, J.

On September 14, 1938, J. H. Farmer, then owner of 295 acres of land on which he lived, signed and acknowledged a deed, in which his wife joined, conveying an undivided one-half interest to his son, I. A. Farmer. I. A. Farmer was married and lived in McComb. J. H. Farmer died April 22, 1945, leaving as his heirs his wife, Mrs. Nannie L. Farmer, his son, I. A. Farmer, and his daughter, Mrs. Junnie Farmer Runnels. J. H. Farmer lived on the land until his death. Six days after the death of J. H. Farmer, the deed from J. H. Farmer and wife to I. A. Farmer, dated September 14, 1938, was placed of record and duly recorded. Prior to September 7, 1945, I. A. Farmer contacted his sister, Mrs. Junnie Farmer Runnels, and his mother, Mrs. Nannie L. Farmer, and negotiations were had with reference to the sale by I. A. Farmer to his sister and mother of a small tract of land adjoining the 295 acres already mentioned and the interest of I. A. Farmer in the 295 acre tract, being the interest he had inherited from his father. A price was agreed upon, and on September 7, 1945, a deed was executed by I. A. Farmer and his wife, Alma R. Farmer, to Mrs. Junnie Farmer Runnels and Mrs. Nannie L. Farmer, conveying a certain tract of land owned by I. A. Farmer adjoining the 295 acre tract, and "also my undivided interest as an heir of J. H. Farmer, deceased, in and to . . . . ." the 295 acre tract. The deed stated that it was the intention of the grantor to convey his entire undivided interest in and to all the lands which were owned by J. H. Farmer at the time of his death. Thereafter, Mrs. Nannie L. Farmer conveyed her interest in the 295 acre tract to her daughter, Mrs. Junnie Farmer Runnels.

I. A. Farmer died November 14, 1959. He never claimed any interest in the 295 acre tract during his lifetime after the execution of the deed on September 7, 1945. On June 14, 1960, this suit was filed by the heirs of I. A. Farmer against Mrs. Junnie Farmer Runnels and those claiming under her seeking to remove as a cloud on their title all claims of the defendants adverse to the claim of the complainants to an undivided one-half interest fee simple title in and to said 295 acres of land.

The several defendants filed answers denying the validity of the deed from J. H. Farmer and wife to I. A. Farmer dated September 14, 1938, and denying that said deed had been executed by J. H. Farmer. The cross-bill of the defendants charged non-delivery of said deed and adverse possession on the part of certain of the defendants.

The chancellor entered a decree dismissing the original bill and sustaining the cross-bill. He found that there had been no delivery of the purported deed from J. H. Farmer and wife to I. A. Farmer dated September 14, 1938. The chancellor also found that the grantees in the deed from I. A. Farmer to Mrs. Junnie Farmer Runnels and Mrs. Nannie L. Farmer, dated September 7, 1945, and their successors in title acquired a perfect title by adverse possession for more than ten years before the filing of the original bill.

 █ We first consider the question involving the delivered or non-delivery of the deed dated September 14, 1938. We hold that the complainants had the burden of proof to show delivery of this deed. The chancellor rejected the testimony of Mrs. Beard, who testified that when she was about 14 years old she witnessed the manual delivery of the deed in 1938. The chancellor was fully justified in rejecting this testimony. It was contradicted by the acts of the grantor and grantee and the statement of the grantee indicating that it had never been delivered. █ The deed was retained by the

grantor until his death, a period of about seven years. A short time after the grantor's death, I. A. Farmer found the deed among the papers of the grantor and it was then placed of record. This retention of the deed by the grantor raises a presumption that it was never delivered. Cf. McMillan v. Gibson, 222 Miss. 408, 76 So. 2d 239. ■■ ■ There was no evidence to overcome this presumption. Moreover, the grantee, I. A. Farmer, never asserted any title to the one-half interest in the 295 acres of land at any time before his death on November 14, 1959. I. A. Farmer made statements to several people clearly indicating that he did not claim any interest in the 295 acres of land except that which he inherited upon the death of his father. I. A. Farmer also made statements to the effect that he had sold to his sister and mother his entire interest in the 295 acres of land. The chancellor's finding that the deed was not delivered is in accordance with the weight of the evidence.

■■ ■ The chancellor also found that the grantees in the deed dated September 7, 1945, and their successors in title, being the defendants below, were in actual adverse possession of the entire interest in the 295 acre tract for more than ten years prior to the filing of the original bill of appellants. I. A. Farmer lived until 1959. He had full knowledge of said possession as revealed by the weight of the testimony. We hold that the chancellor was correct in his finding as to adverse possession.

Appellants also assert that under the case of Neal v. Teat, 240 Miss. 35, 126 So. 2d 124, Sections 709 and 710, Code of 1942, which were invoked by appellants, barred the appellees from setting aside the deed dated September 14, 1938. The cited case is not in point. There was no creation of a severed mineral estate. I. A. Farmer never had any kind of possession, actual or constructive, under the deed dated September 14, 1938.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.