JONES, Justice:
This case, which comes from the Chancery Court of Franklin County, Mississippi, sought the cancellation of a will and of a deed. The chancellor, after hearing evidence, held the will invalid but dismissed the bill as to the deed. We affirm.
In 1923 J. D. Seab acquired certain land by deed recorded in Book N-4 at page 416 of the deed records of the county, and in 1924 by deed recorded in Book G-3, page 138 of said records, conveyed same to his wife, Mrs. F. E. Seab. Other than to say the lands were the homestead and comprised 87 acres more or less, further description thereof is omitted.
F. E. Seab and J. D. Seab on May 22, 1948, executed an instrument purporting to be their last will and testament. There-, by they undertook to will, devise and bequeath the surface of the lands to their son, Howard A. Seab, and divide the minerals equally between their children, including Howard A. Seab. This instrument was not witnessed by two subscribing witnesses as required by Mississippi Code 1942 Annotated section 657 (1956), and could not be and was not wholly in the handwriting of each; neither was it wholly in the handwriting of either. It was acknowledged- before a member of the Board of Supervisors, filed for record and recorded in the will books of Franklin County, Mississippi. The said will was invalid as not executed in accordance with the laws of our state, and the chancellor properly so held. Attention is here called to its provisions for comparison with the deed which was sought to be cancelled.
On January 6, 1955, after the death of her husband (who died in 1953), Mrs. F. E. Seab executed a deed conveying to her son, Howard A. Seab, the surface of the lands hereinbefore mentioned, but providing that the grantor should have “custody” of the lands till her death and that her other children should share equally with her son, Howard A. Seab, in division of all oil royalty from the land. This deed was not recorded until June 16, 1962, after the death of Mrs. Seab, which occurred on or about June 4, 1962.
The deed was sought to be cancelled on the ground there had been no delivery thereof during the lifetime of Mrs. Seab but that it had been found among her effects after her death.
At the time of the death of his mother and apparently all his life, the son, Howard A. Seab, was living and had lived in the home with his father and mother and, after *480 the death of his father, with his mother. All children except Howard were married with families. He did not marry until after his mother’s death. He died July 23, 1964, leaving as his sole heirs his widow and one small child. This suit was not filed until after his death, although the deed was filed for record in June 1962. The suit was filed by his sisters and brother, the other heirs of the said Mrs. Seab, except Laura Seab Ikerd, who did not join but was appointed as guardian of Howard’s son. The defendants were the widow and child of Howard, together with Mrs. Ikerd, individually, and as guardian.
The defendants answered the bill of complaint denying there was no delivery of the deed but affirmatively alleging delivery during Mrs. Seab’s lifetime.
Complainants charged that after the death of Mrs. Seab some of the complainants going through the trunk of Mrs. Seab found the deed and delivered it then to Howard Seab. They relied upon a presumption of nondelivery, arising from the finding of the deed in the trunk of the mother after her death.
The defendants’ answer neither admitted nor denied the allegation as to the deed being found in the trunk of the said Mrs. Seab, but specifically denied that it was never delivered during her lifetime.
On the hearing before the chancellor a man and his wife who had worked for the Seabs for more than 30 years testified that this trunk was in the hall (not in Mrs. Seab’s room) and that they saw one of the complainants open the trunk, pick out a paper, and hand it to Howard Seab, saying, “This is Mama’s deed.” They could not or did not read the paper and had no actual knowledge as to what it was.
When the complainants rested, defendants made a motion to exclude, which said motion was sustained by the chancellor, and a decree entered holding the will invalid and dismissing the bill.
On appeal it is argued that defendants by their pleading, when they neither denied nor admitted that said paper was found in the trunk of the said Mrs. Seab after her death, admitted such allegation. It is the general law of Mississippi such statement by the defendant would in fact be an admission. However, the defendants’ answer specifically asserted more than once that the deed had been delivered in Mrs. Seab’s lifetime.
While the testimony of the two witnesses is insufficient even to establish that this particular deed was found in the effects of Mrs. Seab after her death, appellants argue that this evidence, together with the admission in the pleadings, was sufficient to show that the deed was found among her effects after her death, and that such fact created a presumption of nondelivery that required defendants to go forward with proof of delivery.
Such presumption does generally arise. Farmer v. Runnels, 244 Miss. 525, 142 So.2d 198 (1962); 26A C.J.S. Deeds § 184 (1956).
The attempted will and the deed in question manifest that a family settlement was the purpose of the grantor. Furthermore, the trunk in which the paper was found was, as stated, not in Mrs. Seab’s room, but was in the hall where it was equally accessible to the grantee son who resided with his mother and whose room faced hers across the hall. Also, the grantor reserved the “custody” of the lands until her death.
There are exceptions to the general rule as to a presumption under the facts here claimed, such exceptions being:
a. where the grantor reserves an interest in the property.
b. voluntary settlements on children— particularly where the rights of creditors, subsequent purchasers, or third parties are not involved. McMillan v. Gibson, 222 Miss. 408, 76 So.2d *481 239 (1954); Wall v. Wall, 30 Miss. 91 (1855); 26A C.J.S. Deeds § 184 (1956).
 Under the facts of this case the chancellor was justified in holding that no presumption as to nondelivery arose from the finding of the deed in said trunk, and the burden was on complainants to prove nondelivery. The proof failed to meet this burden and the chancellor was correct.
Where the allegation of nondelivery of a deed, is essential to complainant’s case, the burden is upon him to prove nondelivery. Wilbourn v. Wilbourn, 204 Miss. 206, 37 So.2d 256 (1948); 26A C.J.S. Deeds § 183 (1956).
We do not decide under exception (a) whether the presumption would exist where a grantee was a third party or where a valuable consideration was required by the deed, this decision being confined to the facts herein shown.
Affirmed.
GILLESPIE, P. J., and RODGERS, INZER and ROBERTSON, JJ., concur.