348 So.2d 776 (1977)
George M. BATCHELOR et al.,
v.
Estate of Robert Burney POWERS, Deceased.
No. 49520.
Supreme Court of Mississippi.
August 3, 1977.
Edward L. Cates, Jackson, Everette Verhine, Vicksburg, for appellants.
Dabney & Dabney, Lucius B. Dabney, Jr., Wesley R. Lominick, Jr., Vicksburg, for appellee.
Before PATTERSON, SMITH and LEE, JJ.
SMITH, Justice, for the Court:
Letters of administration were granted to Alice Powers Smith, upon the estate of her brother, Robert Burney Powers, deceased, by the Chancery Court of Warren County. Several months afterward, a document, purporting to be the last will and testament of Robert Burney Powers was offered for probate by appellants, George M. Batchelor and others. This document was entirely typewritten, signed by Robert Burney Powers and bore the certificate of a notary public that it had been "sworn to and subscribed before me" followed by the signature and seal of the notary.
The validity of the document as a will was challenged by the administratrix upon the ground that it was neither wholly written and subscribed by the testator nor attested by two or more credible witnesses in the presence of the testator as required by Mississippi Code Annotated section 91-5-1 (1972).
The chancery court declined to admit the document to probate as the will of Powers and this appeal resulted.
The single question presented is whether a document purporting to be a will and not wholly written and subscribed by the testator must be signed by two attesting witnesses. It is undisputed in this case that the document proffered was neither wholly written and subscribed by the alleged testator nor signed by two attesting witnesses. It is argued that the term "attesting witnesses" as used in the Mississippi statute does not contemplate nor require that such witnesses sign the will. It appears from a review of the numerous cases in Mississippi dealing with will contests over the years that this Court has used interchangeably the terms "attesting" witness and "subscribing" witness. Moreover, the word "attest" is defined in Webster's New International Dictionary (2d ed. 1950) as (1) to bear witness to; to certify; to affirm to be true or genuine; specif., to witness and authenticate by signing as a witness. The word "attestation" is defined as the formal authentication *777 of an act or instrument by a subscribing witness or an official.
Ballentine's Law Dictionary (2d ed. 1948) gives the following definitions of the term "attest":

Attestation. The act of witnessing the actual execution of a paper and signing one's name as a witness to that fact. See note to Manufacturers' Finance Co. v. Amazon Cotton Mills Co., 29 A.L.R. 944.

Attesting witness. A person who signs his name on a document as a witness to the act of another in affixing his signature to the document. See Jenkins v. Dawes, 115 Mass. 599, 600.
Moreover, it appears to be the general rule although there is some authority to the contrary, that the word "attestation" includes not only the mental act of observation, but also the manual one of subscription.

Attested. The usual meaning of the word includes not only the mere mental act of the witness in observing the execution of the instrument, but also his manual subscription of his name as a witness thereto. See 57 Am.Jur. Wills, § 273.
The view entertained by this Court in regard to this matter is reflected in Seab v. Seab, 203 So.2d 478 (Miss. 1967), a case in which the Court dealt with an instrument purporting to be the will of Howard A. Seab. The Court stated:
F.E. Seab and J.D. Seab on May 22, 1948, executed an instrument purporting to be their last will and testament ... This instrument was not witnessed by two subscribing witnesses as required by Mississippi Code 1942 Annotated section 657 (1956), and could not be and was not wholly in the handwriting of each; neither was it wholly in the handwriting of either. It was acknowledged before a member of the Board of Supervisors, filed for record and recorded in the will books of Franklin County, Mississippi. The said will was invalid as not executed in accordance with the laws of our state, and the chancellor properly so held.
(203 So.2d at 479).
A statement of the simple but effective requirement is stated in Fatheree v. Lawrence, 33 Misc. 585 (1857), a case cited by appellants as follows:
It is sufficient, if it appear that they signed their names as witnesses to its execution, and that they be able to state, when called to prove the will, that the requisites of the statute were observed. (33 Miss. at 624).
The history of will contests in Mississippi supports the view that the requirements that there be two attesting witnesses to a will and, moreover, that it be attested by them in the presence of the testator, and that such attestation be evidenced by the affixation of their signatures to the document, are indispensable safeguards of the integrity of testamentary documents.
The question is discussed in 79 Am.Jur.2d Wills section 313 (1975):
The meaning of the word "attested" would seem to include not only the mental act of observation, but also the manual one of subscription, and many statutes expressly provide that attesting witnesses must subscribe the instrument. Under a statutory provision requiring a will to be "witnessed" by two competent witnesses, the cases are also uniformly to the effect that such witnesses must be subscribing witnesses. The Uniform Probate Code requires a will to be signed by the witnesses. The courts, in construing statutes which formerly required that the witnesses to a will attest and subscribe it but which, through legislative amendment, have been reworded so as to require only that the witnesses "attest" the will or that they "witness" such will, have consistently held that such statutory changes did not have the effect of dispensing with the requirement that the witness "subscribe" the will. The purpose of such requirement is to identify the paper on which the signature of the testator has previously been made and attested.
Where an attesting witness to a will must be a subscribing witness, proof by one who was present and witnessed the *778 execution of the will but did not sign as an attesting witness is not proof by an attesting witness. A mere acknowledgment of a previous signature by a witness is not a sufficient attestation; at least, it may not be equivalent to a signing in the presence of the testator, or of a signing by the witness after the testator has signed.
The chancery court correctly denied probate to the instrument offered in this case which was neither wholly written and subscribed by the testator nor attested by two witnesses in the presence of the testator.
AFFIRMED.
PATTERSON, C.J., INZER, P.J., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.