962 So.2d 141 (2007)
In the Matter of the ESTATE OF Bennie M. THOMAS, Deceased.
Walter Lockhart, Appellant
v.
Beverly McNair Wilson, Brenda McNair, Adrienne McNair, Nicole Pirtle-Willis, Kevin Pirtle, Antionette Pirtle, Elizabeth McNair, Pierre McNair and Gaynetha McNair, Appellees.
No. 2006-CA-00200-COA.
Court of Appeals of Mississippi.
August 7, 2007.
*142 Bill Waller, Sr., attorney for appellant.
William C. Bell, Ridgeland, attorney for appellees.
Before KING, C.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Walter Lockhart, Sr., commenced this action to probate the last will and testament of Bennie Metzler Thomas ("Thomas"), and he was appointed executor for the estate. Beverly McNair Wilson, Brenda McNair, Adrienne McNair, Nicole Pirtle-Willis, Kevin Pirtle, Antoinette Pirtle, Elizabeth McNair, Pierre McNair, and Gaynetha McNair (collectively, the "Appellees") contested the will. The chancellor entered summary judgment declaring that the will was invalid and that Thomas died intestate. Lockhart appeals and argues the chancellor erred in (1) granting summary judgment when there was a probated claim pending, and (2) declaring the will invalid for lack of two attesting witnesses. We find no error and affirm. We remand for further proceedings consistent with this opinion.

FACTS
¶ 2. Thomas was a long time resident of Yazoo City. Lockhart was a family friend who helped care for Thomas in her old age. Thomas passed away on August 17, 2004, at the age of eighty-four. Her husband predeceased her, and she had no children. Likewise, her parents, sister[1] Annie Mae Rucker McNair, and brothers Mickey Creely and James Metzler, Jr. predeceased her.
¶ 3. On August 26, 2004, Lockhart filed a petition to probate the last will and testament of Bennie M. Thomas. The purported will was dated August 2001 and named Annie Mae as sole beneficiary. In case Annie Mae predeceased Thomas, the will provided that Lockhart would be the sole beneficiary. The will was nonholographic and was signed by Thomas and was witnessed by notary public Evelyn Dixon. On August 30, 2006, the chancellor admitted the will to probate and authorized letters testamentary be issued to Lockhart. The same day, letters testamentary were issued by the clerk.
¶ 4. On November 12, 2004, the Appellees[2] filed a petition to determine the *143 heirs-at-law of Bennie M. Thomas, to set aside the order admitting will to probate and to remove Lockhart as executor. The petition contested the will and alleged that the will was invalid for lack of attesting witnesses and undue influence. They also petitioned for the court to determine Thomas's heirs. An amended petition was filed on March 1, 2005, and it added a request for a declaratory judgment.
¶ 5. Lockhart responded that the will was valid. He also challenged the listing of heirs. Lockhart also probated a creditor's claim against the estate for $131,520. The Appellees contested Lockhart's claim.
¶ 6. On June 3, 2005, the Appellees filed a motion for summary judgment or, in the alternative, for partial summary judgment. The motion asked for a judgment on the following matters:
a. The purported last will and testament of Bennie M. Thomas is void.
b. If the court finds that the purported last will and testament of Bennie M. Thomas is a valid will, any devise or bequest to Walter Lockhart, Sr. is void.
c. Bennie M. Thomas died intestate.
On June 13, 2005, the Appellees filed a motion for judgment on the pleadings that asked for a judgment on the identical issues.
¶ 7. On December 22, 2005, the chancellor entered an order that determined the motion for judgment on the pleadings was not appropriate and that granted the motion for summary judgment "on all issues addressed in the [Appellee's] motion for summary judgment."
¶ 8. On January 5, 2006, Lockhart filed his notice of appeal. On February 24, 2006, the Appellees' filed a motion to dismiss with the supreme court. The Appellees' motion argued that the December 22, 2005 order was not a final appealable judgment and that it was not certified for appeal under Rule 54(b) of the Mississippi Rules of Civil Procedure. By order dated April 13, 2006, the supreme court denied the motion to dismiss. After the parties filed their briefs, the appeal was deflected to this Court for review.

STANDARD OF REVIEW
¶ 9. This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77(¶ 9) (Miss.2002). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. at 1177(¶ 9). If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his or her favor. Id. Issues of fact sufficient to require reversal of a summary judgment obviously are present where one party swears to one version of the matter in issue, and another says the opposite. Id.

ANALYSIS
I. Did the chancellor err in granting summary judgment when Lockhart's proof of claim remained pending?
¶ 10. At oral argument, both parties agreed that the Lockhart's probated claim remained pending before the chancery court. Indeed, it is apparent that the chancellor's December 22, 2005 order actually granted a partial summary judgment instead of a summary judgment on all issues.
*144 ¶ 11. Normally, we would next look to determine whether this Court has jurisdiction to consider this appeal. A partial summary judgment is not a final appealable order unless the trial court certifies the judgment as final under Rule 54(b) of the Mississippi Rules of Civil Procedure or the supreme court grants permission for an interlocutory appeal under Rule 5 of the Mississippi Rules of Appellate Procedure. Neither occurred here. Nevertheless, the Appellees challenged the appellate court jurisdiction in the motion to dismiss appeal. The supreme court considered the jurisdictional issue and rejected the Appellees' challenge. The supreme court having determined jurisdiction is appropriate and deflected this matter to this Court, we address the issues presented.
¶ 12. Lockhart's petition to probate the last will and testament of Bennie M. Thomas commenced this action before the chancery court. The Appellees' petition challenged the legality of the will and Lockhart's right to take from Thomas's estate. There were several claims before the chancellor. First, was the will probated the lawful and proper will of the decedent? If the answer was yes, the will would be probated and the estate administered according to the terms of the will. If the answer was no, then the will would not be accepted for probate, the estate would be declared intestate and the estate would be administered according to the laws of intestate succession. Second, if the laws of intestate succession applied, the court would have to determine the lawful and proper heirs of the decedent. Third, and exclusive of the above claims, the court would have to determine whether there were any amounts owed to creditors of the decedent who probated their claim against the estate. Finally, the chancellor would determine the proper distribution of the estate.
¶ 13. The December 22nd order determined the first issue, that the will probated by Lockhart was void and that Thomas died intestate. As a result, the second, third and fourth issues stated above remained before the chancellor to continue the administration of Thomas's estate based on this determination. Such issues included an appointment of a fiduciary to administer the estate, the determination of heirs, an adjudication of the probated claim, and the proper distribution of the estate's assets.
¶ 14. Thus, we agree with Lockhart, the December 22nd order was a partial summary judgment and was not a final appealable order. Lockhart seems to argue both sides of this issue. The chancellor's order determined that the motion for summary judgment would be granted "on all issues addressed in the [Appellees'] motion for summary judgment." The motion asked for a judgment on three issues:
a. The purported last will and testament of Bennie M. Thomas is void.
b. If the court finds that the purported last will and testament of Bennie M. Thomas is a valid will, any devise or bequest to Walter Lockhart, Sr. is void.
c. Bennie M. Thomas died intestate.
Thus, the chancellor's order determined issues (a) and (c), the will was void and Thomas died intestate. Lockhart then chose to file the notice of appeal. When confronted with the Appellee's motion to dismiss appeal, Lockhart opposed the motion and insisted that the December 22nd order was a final judgment. Lockhart reasoned that "[s]ince the court found the will was void, then the estate is in effect cancelled." Now, in his brief and during oral argument, Lockhart argued that the December 22nd summary judgment was not a final order.
*145 ¶ 15. Because we find the December 22, 2005 order was one for partial summary judgment, was not a final judgment, and because both parties assert to this Court that claims remain pending before the chancellor, we remand this issue to the chancery court to adjudicate all remaining issues.
II. Did the chancellor err in granting summary judgment on the validity of the will?
¶ 16. The foregoing notwithstanding, in the interest of judicial economy, we review the chancellor's decision to grant summary judgment on the validity of the will.
¶ 17. Lockhart argues that a jury question remains to determine the validity of the will. Even though only one witness signed it, Lockhart asserts that he, too, is an additional witness who can testify that he saw Thomas sign the will. Lockhart also maintains that he has a handwriting expert who can identify Thomas's signature. The Appellees counter that since only one witness signed Thomas's nonholographic will, it is invalid as a matter of law. We agree.
¶ 18. Every person with testamentary capacity shall have the power to dispose of his or her property through a will, so long as that will conforms with the statutory requirements. Miss.Code Ann. § 91-5-1 (Rev.2004). One such requirement, is that "if [the will is] not wholly written and subscribed by [the testatrix], it shall be attested by two (2) or more credible witnesses in the presence of the . . . testatrix." Id. "`[A]ttestation' includes not only the mental act of observation, but also the manual one of subscription." Batchelor v. Estate of Powers, 348 So.2d 776, 777 (Miss.1977). Therefore, a typewritten will that is only signed by the testatrix and a notary does not satisfy the attestation requirement. Id. at 778. Such a will is invalid as a matter of law. Madden v. Rhodes, 626 So.2d 608, 626 (Miss.1993). Thomas's will was typewritten and signed only by the testatrix and notary. The chancellor correctly determined that it was void as a matter of law and that Thomas died intestate.
¶ 19. Nevertheless, Lockhart cites us to Fatheree v. Lawrence, 33 Miss. 585 (1857), for the proposition that the absence of one attesting witness will not render the will void. He maintains that even though the statute in Fatheree required three attesting witnesses, the court held that two witnesses would suffice. This is not the case. The statute required three attesting witnesses to convey real property and only two to convey personalty. Id. at 628. Since the will in question only had two witnesses, the court held the will was "insufficient to pass the real estate [but] valid as to the personalty." Id. The court did not relax the requirement for the statutory number of witnesses.
¶ 20. Accordingly, we conclude that the chancellor was correct to enter partial summary judgment that determined that the probated will was void and unenforceable. We find no merit to this issue. We also remand this case for further proceedings on any and all pending estate matters, including but not limited to a determination of heirs and probate of claims.
¶ 21. THE JUDGMENT OF THE CHANCERY COURT OF YAZOO COUNTY IS AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE, *146 ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT.
NOTES
[1] The record suggests that James was Thomas's only whole-blooded sibling.
[2] The Appellees are Thomas's nieces, great nieces and great nephews. They are descendants of Thomas's sister Annie Mae.